**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAY 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHIQUITA T. TUTTLE, | No. 09-71599 |
| Petitioner-Appellant, | Tax Court No. 5661-08L |
| v. | MEMORANDUM* |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court
Diane L. Kroupa, Tax Court Judge, Presiding

Submitted April 15, 2011**
San Francisco, California

Before: NOONAN and SMITH, Circuit Judges, and BLOCK, District Judge.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Chiquita T. Tuttle appeals the Tax Court's order dismissing, for lack of jurisdiction, her petition for review of a decision letter issued by the Commissioner of Internal Revenue's Appeals Office.  We affirm for the following reasons.

1.	The Tax Court did not clearly err in finding that Tuttle's attorney did not timely mail her request for a collection due process ("CDP") hearing and, therefore, that the Appeals Office correctly held an "equivalent hearing" in lieu of a CDP hearing.  *See* 26 C.F.R. § 301.6330-1(i)(1) ("A taxpayer who fails to make a timely request for a CDP hearing is not entitled to a CDP hearing.  Such a taxpayer may nevertheless request an administrative hearing with Appeals, which is referred to herein as an 'equivalent hearing.'").  The Tax Court correctly held that it lacked jurisdiction to review the result of the equivalent hearing.  *See id.* § 301.6330-1(i)(2)(A-I6) ("[The Internal Revenue Code] does not authorize a taxpayer to appeal the decision of Appeals with respect to an equivalent hearing.").

2.	Having held a hearing at which all parties had a full opportunity to be heard, the Tax Court was not required to announce its oral findings of fact and opinion in the parties' presence.

**AFFIRMED.**